## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| Robert Botterill, individually and on behalf of all others similarly situated, | 1:21-cv-01835 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Food Lion, LLC, | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Food Lion, LLC ("defendant") manufactures, markets, labels, and sells instant coffee under its Food Lion brand in containers of 7 ounces (200 g), claiming that it "Makes Up To 120 Cups" of coffee ("Product").

 

2. However, this representation is false, deceptive, and misleading.

3. Independent laboratory analysis determined that the Product makes less than one hundred and nine (109) cups, based on the recommended use of a "rounded teaspoon," eleven (11) fewer than promised.

4. Consumers get approximately ten (10) percent fewer cups of coffee than the 120 promised on the label.

5. Through the statement, "Makes Up To 120 Cups," reasonable consumers will expect they can make 120 cups.

6. Use of the qualifying term, "Up To" does not cause consumers to expect the Product will provide ten (10) percent fewer cups of coffee.

7. Consumers expect that companies selling packaged food products are sophisticated and capable of accurately calculating the number of servings their products will provide.

8. No reasonable consumer will expect the number of servings is closer to 100 than 120.

9. Reasonable consumers must and do rely on a company to honestly identify and describe the components, features and amount of a – not limited to its "net weight" but to how much use they will get out of it – relative to itself and other comparable products.

10. The value of the Product that plaintiff purchased was materially less than its value as represented by defendant.

11. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

12. Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for them.

13. The Product is sold for a price premium compared to other similar products, $3.09

per 7 OZ, a higher price than it would otherwise be sold for, absent the misleading representations and omissions.

## Jurisdiction and Venue

14. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

15. Upon information and belief, the aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

16. Plaintiff Robert Botterill is a citizen of Maryland.

17. Defendant Food Lion, LLC is a North Carolina limited liability company with a principal place of business in Salisbury, Rowan County, North Carolina.

18. The parties, based on Defendant's members being citizens of North Carolina, are citizens of different states.

19. Venue is proper because plaintiff resides in this district and a substantial portion of the events giving rise to the claims occurred in this district.

## Parties

20. Plaintiff Robert Botterill is a citizen of Libertytown, Frederick County, Maryland.

21. Defendant Food Lion, LLC, is a North Carolina limited liability company with a principal place of business in Salisbury, North Carolina, Rowan County and upon information and belief, at least one member of defendant is not a citizen of the same state as the plaintiff.

22. Defendant operates over 1100 supermarkets in 10 states of the Mid-Atlantic and Southeastern United States.

23. Defendant is a subsidiary of the European grocery conglomerate, Ahold.

24. "Private label" or "store brand" refers to products made by third-party manufacturers

3

but sold under the name of the retailer.

25. In recent years, the quality of private label products has increased, even exceeding that of the major national brands.

26. The Food Lion private label products have an industry-wide reputation for quality and value.

27. Based on this history and consumer trust, consumers know they can rely on what the label tells them.

28. Plaintiff bought the Product on one or more occasions within the statute of limitations for each cause of action alleged, at defendant's stores including 8505 Liberty Road Randallstown MD 21133, in 2020 and/or 2021, among other times.

29. Plaintiff bought the Product at or exceeding the above-referenced price.

30. Plaintiff relied on the representations that when following the directions for use, the Product could make 120 cups of coffee.

31. Plaintiff sought to purchase a product with a materially greater amount of instant coffee than was present – not in terms of "net weight" but in terms of how much use he could expect from it, conveyed in "Cups," prominently displayed on the front of the Product.

32. Plaintiff did not expect over ten fewer cups.

33. Plaintiff did not, nor could be expected to know, that the Product would not provide the number of cups promised on the label.

34. Plaintiff would not have purchased the Products if he knew the representations were false and misleading.

35. Plaintiff chose between Defendant's Product and other similar products which were represented similarly, but which did not misrepresent their attributes and/or lower-priced products

which did not make the claims made by Defendant.

36. The Product was worth less than what Plaintiff paid and he would not have paid as much absent Defendant's false and misleading statements and omissions.

37. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's representations are consistent with its composition.

## Class Allegations

38. The class will consist of all Maryland residents who purchased the Product during the statutes of limitations for each cause of action alleged.

39. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

40. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

41. Plaintiff is an adequate representative because his interests do not conflict with other members.

42. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

43. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

44. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

45. Plaintiff seeks class-wide injunctive relief because the practices continue.

Maryland Consumer Protection Act ("MCPA"), Commercial
Law Art., Md. Ann. Code, §§ 13-101 et seq.

(Consumer Protection Statute)

46. Plaintiff incorporates by reference all preceding paragraphs.

47. Plaintiff and class members desired to purchase instant coffee which could make the number of cups promised on the label.

48. Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

49. Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

50. Plaintiff relied on the representations.

51. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

52. The Product was manufactured, labeled, and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it could make the number of cups promised on the label.

53. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

54. This duty is based on Defendant's outsized role in the market for this type of Product.

55. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers, and their employees.

56. Defendant received notice and should have been aware of these issues due to

6

complaints by regulators, competitors, and consumers, to its main offices.

57. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

58. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Negligent Misrepresentation

59. Defendant had a duty to truthfully represent the Product, which it breached.

60. This duty is based on defendant's position, holding itself out as having special knowledge and experience this area.

61. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

62. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

63. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

## Fraud

64. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that they could make the number of cups promised on the label

65. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

## Unjust Enrichment

66. Defendant obtained benefits and monies because the Product was not as represented

and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   July 22, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com